**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO RODRIGUEZ PIZANO, | No. 18-70438 |
| Petitioner, | Agency No. A205-317-778 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022**

Before: WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Ricardo Rodriguez Pizano, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision finding him removable and

pretermitting his application for cancellation of removal. Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Rodriguez Pizano's contention that the IJ erred in finding him removable because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the BIA).

The BIA did not err in concluding that Rodriguez Pizano's convictions for petty theft under California Penal Code sections 484 and 490.5 are crimes involving moral turpitude that render him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Silva v. Garland*, 993 F.3d 705, 710, 717 (9th Cir. 2021) (California theft constitutes a crime involving moral turpitude).

To the extent Rodriguez Pizano contends the IJ relied on improper evidence and failed to provide a proper hearing, his claim fails because he has not shown error. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We do not address Rodriguez Pizano's contentions as to other eligibility requirements for cancellation of removal because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir.

18-70438

2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Rodriguez Pizano's request for remand or reopening is denied.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**